# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL H. TILLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JO ANNE B. BARNHART, ) <br> Commissioner of the Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) | Case No. CIV-05-243-RAW-SPS |

## REPORT AND RECOMMENDATION

The claimant Paul H. Tilley requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work in the national economy . . ." *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must

---

[1] Step one requires claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See id*. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant–taking into account his age, education, work experience, and RFC–can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on December 11, 1957, and was 46 years old at the time of the hearing before the ALJ. He has a high school education plus training in aircraft instrumentation and previously worked as a roustabout, store laborer, poultry worker, dish washer, aircraft repair, cashier, and general laborer. The claimant alleges disability as of June 1, 2001, because of hepatitis C and an adjustment disorder.

**Procedural History**

On December 19, 2002, the claimant filed an application for disability benefits under Title II (42 U.S.C.§ 401 *et seq*.) and an application for supplemental security income payments under Title XVI (42 U.S.C. § 1381 *et seq*.). Both applications were denied. After a hearing on January 13, 2004, ALJ James D. Jordan found the claimant was not disabled in a decision dated August 19, 2004. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at steps four and five of the sequential process. He determined the claimant had the residual functional capacity ("RFC") for a full range of medium work. The ALJ found that the claimant had no exertional limitations, but he did

have a non-exertional mental limitation of a slight problem with concentration and attention with occasional prompting needed (Tr. 25-26). The ALJ concluded that the claimant could return to his past relevant work as a store laborer, poultry worker, dish washer, aircraft repair, and cashier. The ALJ further concluded that even if the claimant could not perform his past relevant work, Rule 203.29 of the Medical-Vocational Guidelines applied and directed a finding of not disabled because there was work the claimant could perform in the regional and national economies (Tr. 26-27).

**Review**

The claimant asserts that the ALJ erred: (i) by failing to provide a proper waiver opportunity and by failing to develop the record; (ii) by failing to perform a proper analysis at steps four and five; (iii) by failing to perform a proper analysis at step two; (iv) by failing to perform a proper analysis at step three; (v) by failing to properly consider the treating physician's opinion; and, (vi) by failing to properly analyze the claimant's credibility. For the reasons discussed below, the undersigned Magistrate Judge finds the claimant's second contention dispositive, *i.e.*, the case should be reversed and remanded for further consideration by the ALJ of the claimant's mental impairment of adjustment disorder.

The record reveals the claimant received mental health treatment at Creoks Mental Health Services in April and June 2002 from counselor Fran Layton. The claimant had poor social skills and had experienced homicidal thoughts toward his mother. He reported feeling "worthless, sad, ineffective, paralyzed, and angry." The claimant was diagnosed with alcohol dependence and major depression accompanied by sleep disturbance, homicidal thoughts,

weight gain, sadness, loss of interest, and feelings of worthlessness. He was assigned a Global Assessment of Functioning ("GAF") score of 50 (Tr. 185-92). After he missed appointments in June and July 2002, he was discharged from treatment (Tr. 177).

Because the evidence in the record regarding a mental impairment was found to be insufficient, the ALJ sent the claimant for a psychological examination with consulting psychologist Dr. Larry Vaught, Ph.D., in May 2004. Upon examination, Dr. Vaught found the claimant to be cooperative but slumped in his posture and somewhat lethargic. His affect was mildly flattened and he appeared to minimize his emotional issues, specifically family conflict. His results on the MMPI-II reflected the likelihood of a degree of rumination, reactive depression, and a history of family difficulty and suggested dependency and tendencies to act out when frustrated. The claimant's sustained concentration/persistence appeared normal, and his abilities to do calculations, abstract thinking, and exhibit basic judgment were intact. Dr. Vaught diagnosed the claimant with alcohol abuse (in remission), adjustment disorder with mixed anxiety and depressed mood (chronic), and personality disorder NOS. He assigned the claimant a GAF score of 59 (Tr. 223-27). Dr. Vaught also completed a mental medical source statement on which he mostly found the claimant had no limitation or no significant limitations in his ability to work. But he did find the claimant moderately limited: (i) in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and, (ii) in his ability to set realistic goals or make plans independently of others (Tr. 228-32).

The ALJ discussed the evidence and determined that the claimant's impairments of hepatitis C and adjustment disorder were severe impairments at step two though not severe enough to meet any listed impairment at step three (Tr. 22).[2] But at step four, the ALJ found that the claimant's mental impairment did not affect his ability to work and that he had only mild limitations for restriction of daily activities, maintaining social functioning, and deficiencies of concentration, persistence, or pace. To support these conclusions, he appears to have relied on Dr. Vaught's opinion, but did not discuss probative findings made by Dr. Vaught on the mental medical source statement that were inconsistent with his conclusions, *i.e.*, the findings regarding the claimant's ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, to perform at a consistent pace without an unreasonable number and length of rest periods, and to set realistic goals or make plans independently of others (Tr. 228-32). This was error, as an ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("[The] report is

---

[2] It should be noted that although the ALJ determined the claimant's mental impairment did not affect his ability to work, he included a limitation in the RFC for a slight problem with concentration and attention needing prompting occasionally (Tr. 25-26). But the ALJ neither included the limitation in the hypothetical question posed to the vocational expert (Tr. 303-05), nor discussed it with the medical expert who testified at the hearing (Tr. 259-65). Thus, although the ALJ made an alternative finding that the claimant was not disabled at step five by utilizing the Medical-Vocational Guidelines, this too was error because the ALJ failed to conduct a proper step four analysis. *See Allen v. Barnhart*, 357 F.3d 1140, 1143 (10th Cir. 2004) (noting that when the ALJ does not properly evaluate the claimant's impairments at step four, it is error for him to apply the grids at step five).

uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper."). *See also Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996) (noting that the ALJ does not have to "discuss every piece of evidence," but he must discuss the "significantly probative" evidence he rejects). Further, by ignoring Dr. Vaught's findings, the ALJ appears to have substituted his own opinion for that of Dr. Vaught, which he may not do. *See Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996) ("The ALJ may not substitute his own opinion for that of claimant's doctor."), *citing Sisco v. United States Dep't of Health & Human Servs.*, 10 F.3d 739, 743 (10th Cir. 1993) and *Kemp v. Bowen*, 816 F. 2d 1469, 1475 (10th Cir. 1987).

Because the ALJ failed to discuss significantly probative evidence outlined above, the Commissioner's decision must be reversed and the case remanded for further analysis. On remand, the ALJ should: (i) fully consider Dr. Vaught's findings on the mental medical source statement; (ii) assess an RFC that includes the appropriate mental limitations; and, (iii) determine whether the claimant is capable of performing his past relevant work at step four or work at step five.

**Conclusion**

The undersigned Magistrate Judge finds that incorrect legal standards were applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and REMANDED for further proceedings as set forth above. Parties are herewith given ten (10) days from the date

of this service to file with the Court Clerk any objections with supporting brief. Failure to object to the Report and Recommendation within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this 29th day of January, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**